**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JAMES VIANIA,

                     Plaintiff,                  **MEMORANDUM OF
DECISION & ORDER**
        -against-                   2:17-cv-1641 (ADS)(AYS)

ZIMMER, INC., ZIMMER HOLDINGS, INC.
*Now Known As* Zimmer Biomet Holdings, Inc.

                    Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Osborne & Associates Law Firm, P.A.**
*Co-Counsel for the Plaintiff*
433 Plaza Real Blvd.
Suite 271
Boca Raton, FL 33432
       By:    Joseph A. Osborne, Esq.,
                Andrew Norden, Esq., Of Counsel

**McCarthy & Kelly LLP**
*Co-Counsel for the Plaintiff*
52 Duane Street
7th Floor
New York, NY 10007
       By:    Gerald T. McCarthy, Esq., Of Counsel

**McCarter & English LLP**
*Co-Counsel for the Defendants*
245 Park Avenue
New York, NY 10167
       By:    Minji Kim, Esq.,
                Zane Christian Riester, Esq., Of Counsel

**Faegre Baker Daniels LLP**
*Co-Counsel for the Defendants*
311 S Wacker Drive
Suite 4300
Chicago, IL 60606
       By:    Douglas L. Prochnow, Esq.,
                Llonyddwch R. Watkins, Esq., Of Counsel

**SPATT, District Judge:**

The Plaintiff James Viania (the "Plaintiff") brought this products liability case against the Defendants Zimmer, Inc. and Zimmer Holdings, Inc. (collectively, the "Defendants" or "Zimmer") for injuries sustained due to an allegedly defective hip prosthesis made by the Defendants that was implanted into his body.

Presently before the Court is a motion by the Defendants to dismiss four of the seven causes of action brought by the Plaintiff pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6). For the following reasons, the Defendants' motion is granted in part, and denied in part.

## I. BACKGROUND

### A. The Relevant Facts

The Plaintiff is a resident of Nassau County, New York. The Defendants are foreign corporations organized under the laws of Delaware, with principal places of business in Indiana.

On March 2, 2010, the Plaintiff was implanted with a Zimmer M/L Taper Hip Prosthesis (the "prosthesis"). The implant apparently corroded, and caused metal and corrosion byproducts to leak into the surrounding tissues. The Plaintiff suffered trunnionosis (wear of the femoral head-neck interface) and metallosis (the building up of metal debris in the soft tissues of the body). The complaint does not state when the Plaintiff became aware of these medical problems.

On April 4, 2014, doctors at Winthrop University Hospital surgically removed the prosthesis. During the operation, doctors discovered a significant amount of dark bloody fluid; significant and severe reactive synovial debris; devitalized tissue; and significant amounts of blackened corrosion at the head-neck junction of the femur.

The Plaintiff alleges that the Defendants were aware of the dangers associated with the implant, and that they failed to convey these dangers to hospitals, doctors, or patients through labeling, marketing, or direct communication. To that end, the Plaintiff broadly states that the marketing and labeling for the implant represented that the implant would conform to representations, and was safe and effective. Furthermore, the Plaintiff alleges that the Defendants continually provided reassurances that the implant was safe and effective.

**B. The Relevant Procedural History**

On March 23, 2017, the Plaintiff commenced this action by filing a complaint. The complaint alleges seven causes of action sounding in various theories of negligence and fraud: design defect; failure to warn; manufacturing defect; negligence; negligent misrepresentation; breach of express warranty; and breach of implied warranty.

On June 26, 2017, before filing an answer, the Defendants filed the instant motion to dismiss four of the Plaintiff's causes of action pursuant to Rule 12(b)(6). Specifically, the Defendants move to dismiss the Plaintiff's claims for negligence; negligent misrepresentation; breach of express warranty; and breach of implied warranty. The Defendants contend that the Plaintiff's claims for breach of warranty and negligent misrepresentation are barred by the statute of limitations; that the Plaintiff's negligence claim is duplicative of his products liability claims; and that he has failed to plead sufficient facts for the claims.

## II. DISCUSSION

**A. The Legal Standard**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw*

*Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

**B. The Relevant Law**

    **1. Breach of Express Warranty**

To prevail on a claim of breach of express warranty, a plaintiff must show "an 'affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase' and that the warranty was relied upon." *Factory Assocs. & Exporters, Inc. v. Lehigh Safety Shoes*

*Co. LLC*, 382 F. App'x 110, 111–12 (2d Cir. 2010) (quoting *Schimmenti v. Ply Gem Indus., Inc.*, 156 A.D.2d 658, 549 N.Y.S.2d 152, 154 (N.Y. 1989)).

### a. The Statute of Limitations

Under Article 2–725(2) of the N.Y. U.C.C.:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of the delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

N.Y. UCC 2–725(2); *see also Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 166 (S.D.N.Y. 2011) (applying N.Y. U.C.C. 2-725-2); *Orlando v. Novurania of Am., Inc.*, 162 F. Supp. 2d 220, 223 (S.D.N.Y. 2001) (same). Therefore, claims for breach of express warranty must be brought within four years of when the claim accrues, unless the express warranty explicitly extends to future performance.

### 2. Breach of Implied Warranty

In order to establish a claim of breach of implied warranty of fitness for a particular purpose, a plaintiff must show that the defendant "had reason to know, at the time of contracting, the buyer's particular purpose for which the goods are required and that the buyer was justifiably relying upon the seller's skill and judgment to select and furnish suitable goods, and that the buyer did in fact rely on that skill." *Factory Assocs.*, 382 F. App'x at 112 (quoting *Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.,* 230 A.D.2d 326, 656 N.Y.S.2d 787, 790 (N.Y. 1997) (internal quotation marks omitted)).

### a. The Statute of Limitations

The statute of limitations for a breach of implied warranty of fitness for a particular purpose is the same as that for breach of express warranty, except the future performance exception does

not extend to breaches of implied warranty. *See Gelber*, 788 F. Supp. at 166–67 ("The [future performance] exception speaks to express warranties not implied warranties.") (quoting *Orlando*, 162 F. Supp. 2d at 224); *see also Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 532 (E.D.N.Y. 2012) ("There can be no claim of delayed accrual for future performance of any implied warranty, as such extension must be explicit, and is therefore inconsistent with the concept of an implied warranty." (internal citations omitted)).

### 3. Negligent Misrepresentation

To prevail on a claim of negligent misrepresentation claim under New York law, a plaintiff must show that:

> (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

*Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000) (internal citations omitted)

#### a. The Statute of Limitations

"There is some dispute concerning the proper statute of limitations for negligent misrepresentation." *Fromer v. Yogel*, 50 F. Supp. 2d 227, 242 (S.D.N.Y. 1999) (collecting cases where courts have alternatively applied a six-year or three-year statute of limitations). Some courts apply the six-year statute of limitations found in N.Y. C.P.L.R. § 213(1), which states that than "an action for which no limitation is specifically prescribed by law" shall be commenced within six years. *See, e.g., Fromer*, 50 F. Supp. 2d at 242 (collecting cases). Many courts have relied on the six year statute of limitations for fraud contained in N.Y. CP.L.R. § 213(8). *Von Hoffmann v. Prudential Ins. Co. of Am.*, 202 F. Supp. 2d 252, 263 (S.D.N.Y. 2002) (collecting cases). Other courts have applied the statute of limitations for personal injury or injury to personal property

6

found within N.Y. C.P.L.R. § 214(4)–(5), which is three years. *See, e.g., Fromer*, 50 F. Supp. 2d at 242 (collecting cases). Most cases have found that the six year statute of limitations is proper where the negligent misrepresentation claim mirrors a claim for fraud or "stands in the shadow of fraud." *Von Hoffmann*, 202 F. Supp. 2d at 263; *Fromer*, 50 F. Supp. 2d at 242–43; *Ambassador Ins. Co. v. Euclid Servs., Inc.,* No. 80 Civ. 1235, at *4, 1984 WL 341 (S.D.N.Y. May 24, 1984) (applying § 213(8) because the "essence of the complaint" sounded in fraud even though the limitations period for negligence under § 214(4) is three years); *see also In re Argo Communications Corp.,* 134 B.R. 776, 794–96 (Bankr. S.D.N.Y. 1991) (applying § 213(8) where the claim is closely aligned with a claim for intentional misrepresentation).

"[A] cause of action based on negligent misrepresentation accrues 'on the date of the alleged misrepresentation which is relied upon by the plaintiff.'" *Von Hoffmann*, 202 F. Supp. 2d at 263 (quoting *Fandy Corp. v. Lung–Fong Chen,* 262 A.D.2d 352, 691 N.Y.S.2d 572, 573 (2d Dep't 1999)).

Furthermore, "[a]bsent allegations of fraud, a claim for negligent misrepresentation . . . is not subject to any discovery rule." *Marchig v. Christie's Inc.,* 430 F. App'x 22, 25 (2d Cir. 2011) (summary order) (citing *Von Hoffmann*, 202 F. Supp. 2d at 263–64 (applying two years limitations period running from the alleged discovery of the negligent misrepresentation where the claim was "based on the same facts as a claim for fraud"); *Fandy*, 262 A.D.2d 352).

### 4. Negligence

To bring a claim for negligence under New York law, a plaintiff must show "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Merges v. Aramark Corp.*, No. 08-CV-6250, 2012 WL 1113627,

7

at *4 (W.D.N.Y. Mar. 30, 2012) (quoting *Akins v. Glens Falls City Sch. Dist.,* 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (N.Y. 1981)).

**C. Application to the Facts**

    **1. As to the Plaintiff's Breach of Warranty Claims**

The Defendants contend that the Plaintiff's claims for breach of warranty are barred by the statute of limitations, and that he has failed to plead the breach of express warranty claim with sufficient particularity. In opposition, the Plaintiff argues that it is not clear from the face of the complaint that the claims are time-barred, and that he has alleged sufficient facts at this stage. The Court finds that the Plaintiff's claims for breach of express and implied warranty of fitness for a particular purpose are barred by the statute of limitations.

As stated above, the statute of limitations for breach of warranty under New York law is four years. While there is an exception for those claims that allege a breach of an express warranty for future performance, that exception does not apply to breaches of implied warranty of fitness. *See Gelber*, 788 F. Supp. 2d at 166–67 (dismissing plaintiff's breach of implied warranty claim in a products liability case where the product was a hip implant, and stating that "the future performance exception does not apply to plaintiffs' implied warranty claims" (internal citations omitted)); *Orlando,* 162 F. Supp. 2d at 224 ("The [future performance] exception speaks to express warranties not implied warranties."); *Port Auth. of N.Y. & N.J. v. Allied Corp.,* 914 F. Supp. 960, 963 (S.D.N.Y. 1995) ("Logically, implied warranties cannot explicitly extend to future performance."). Therefore, because the future performance exception does not apply to breaches of implied warranty, that claim is time-barred as it was brought seven years after the product was delivered to the Plaintiff.

The Plaintiff's breach of express warranty is also time-barred. The claim was brought three years after the statute of limitations expired, and the Plaintiff does not allege that there was a warranty for future performance. Indeed, the Plaintiff's allegations relating to the express warranty are conclusory. The Plaintiff does not identify how, where, or in what manner the Defendants expressed such a warranty. The allegations merely state that the Defendants, through advertising, labeling, and marketing, represented that the implant would conform to representations, and be safe and effective. First, this is not a warranty of future performance. *See Bruno v. Zimmer, Inc.*, No. CV 15-6129, 2016 WL 4507004, at *4 (E.D.N.Y. Aug. 26, 2016) ("[N]othing in the First Amended Complaint alleges that the future performance exception should apply here. The only reference to future performance is that Defendants warranted that the hip implant would not fail during normal usage and would perform for its proper use in the future. 'A warranty of future performance is one that guarantees that the product will work for a specified period of time.'" (quoting *Schwatka v. Super Millwork, Inc.*, 965 N.Y.S.2d 547, 549-50 (2d Dep't 2013) (internal citations to the complaint and quotation marks omitted)).

Second, the allegations are insufficient to state a claim upon which relief can be granted because the Plaintiff does not identify any specific warranty that he relied upon. *See Gelber*, 788 F. Supp. 2d at 165 ("[T]o the extent plaintiffs[] allege that defendants represented that (4) the Trident System was safe and effective for its intended purpose and (5) the defendants complied with the manufacturing specifications set forth in the premarket approval application submitted to the FDA, these claims fail to state a claim for relief and are therefore dismissed. Plaintiffs have failed to adequately identify the actionable conduct on the part of the defendants. For example, the Amended Complaint does not allege where these alleged representations appeared or to whom they were made. . . . Plaintiffs have failed to set forth facts indicating that any such express

9

representation was made to Mrs. Gelber." (internal citations omitted)); *Bruno*, 2016 WL 4507004, at *5 ("Without being able to identify the specific warranty Defendants are alleged to have made, Plaintiffs cannot establish that they relied on any such warranty, a necessary element of an express warranty claim."); *Cavanah v. Ford Motor Co.*, No. 13-CV-4584, 2014 WL 2048571, at *4 (E.D.N.Y. May 19, 2014) ("Where a plaintiff does not identify the terms of the purported warranty he claims to have relied on, any conclusory allegation for breach of express warranty [must] be dismissed." (quoting *Goldin v. Smith & Nephew, Inc.*, No. 12-CV-9217, 2013 WL 1759575, at *6 (S.D.N.Y. Apr. 24, 2013) (internal quotation marks and alterations omitted)); *Lake v. Kardjian,* 22 Misc.3d 960, 874 N.Y.S.2d 751, 754 (N.Y. Sup. Ct. 2008) (noting that the express warranty claims failed to give defendants sufficient notice of the claim where, among other reasons, plaintiffs failed to describe where the representations were made)).

In *Gelber*, the court dismissed several of the Plaintiff's breach of express warranty claims where the plaintiff failed to adequately allege what actions the defendants took, and stated in a conclusory fashion that the defendants marketed the implant as safe and effective. However, the *Gelber* court allowed those claims for breach of express warranty that alleged specific representations made on packaging material. 788 F. Supp. 2d at 165. Here, the Plaintiff has not alleged anything of that quality or character here. Instead, the complaint states that the Defendants labeled and marketed "the quality" of the product, and "represented that [the implant] was safe and effective . . . ." (Compl. ¶ 113). This is insufficient to state a claim for breach of express warranty upon which relief can be granted.

The Court need not address reliance, purpose, and intended manner because the complaint does not allege the existence of any express warranties. *See, e.g., Henry v. Rehab Plus Inc.*, 404

F. Supp. 2d 435, 444 (E.D.N.Y. 2005) ("[I]ssues of reliance, purpose and intended manner need not be reached as the record does not reveal the existence of any express warranties.").

The Plaintiff asks the Court to deny the Defendants' motion based on a hope that the Plaintiff will discover the express warranty during discovery. (*See* Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss at 9 ("Because at this stage in the litigation, Plaintiff does not have access to the documentation distributed by the defendants pertaining to warranties applicable to the Kinectiv Modular Hip System, Defendants' motion to dismiss Plaintiff's Warranty claims as time-barred must be denied.")). This is improper. "[D]iscovery is not a fishing expedition for Plaintiffs to obtain information to try and create claims that do not already exist. In order to properly state a claim, Plaintiffs need to have adequate information in their possession at the time they file their complaint . . . ." *Bruno*, 2016 WL 4507004, at *5. The Plaintiff has failed to allege any specific express warranty here, and therefore his claim does not withstand Rule 12(b)(6) scrutiny.

Therefore, the Plaintiff's claims for breach of express and implied warranty of fitness for a particular purpose are time-barred by the statute of limitations; and the Plaintiff's claim for breach of express warranty fails to state a claim upon which relief can be granted. Accordingly, the Defendants' motion to dismiss those claims pursuant to Rule 12(b)(6) is granted.

**2. As to the Plaintiff's Negligent Misrepresentation Claim**

The Defendants argue that the Plaintiff's negligent misrepresentation claim is similarly barred by the statute of limitations, and that the Plaintiff has failed to allege with sufficient specificity the elements of the claim. In opposition, the Plaintiff states that whether the statute of limitations began to run when the implant was placed in his body is a question of fact, and that he has properly plead the claim. The Court finds that the Plaintiff's claim is barred by the statute of

11

limitations, and that the Plaintiff has failed to plead the claim with sufficient facts to withstand scrutiny under Rule 12(b)(6).

Whether the Court were to apply the six-year or three-year statute of limitations, the Plaintiff's claim for negligent misrepresentation is barred. As stated above, causes of action for negligent misrepresentation accrue when the misrepresentation is made. The latest date on which the Defendants are alleged to have made any misrepresentations is March 2, 2010, which was seven years before the Plaintiff filed his complaint.

Also, as stated above, the discovery rule does not apply unless fraud is alleged. *Marchig*, 430 F. App'x at 25; *but see Tenamee v. Schmukler*, 438 F. Supp. 2d 438, 446 (S.D.N.Y. 2006) ("The statute of limitations for negligent misrepresentation or constructive fraud is six-years, although unlike the case of actual fraud the two year discovery rule does not apply."). Here, the Plaintiff does not allege any fraud on the Defendants' part. However, even if the Court were to apply the discovery rule, and give the Plaintiff two years from the date of discovery, *see, e.g., Asbeka Indus. v. Travelers Indem. Co.*, 831 F. Supp. 74, 80 (E.D.N.Y. 1993) ("[A] claim for fraud must either be brought within six years from the time that the cause of action accrued or within two years from the date that the plaintiff actually discovered the fraud or could have discovered the fraud with due diligence, whichever is longer." (citing, inter alia, N.Y. C.P.L.R. §§ 203(g), 213(8)), the Plaintiff's claim would still be time-barred. The latest date the Plaintiff could claim discovery of the misrepresentation is the date of his surgery to remove the implant, which was April 4, 2014, almost three years before he filed his complaint. Therefore, the Plaintiff's claim for negligent misrepresentation is barred by the statute of limitations.

Furthermore, the Plaintiff does not allege sufficient facts to state a claim upon which relief can be granted. Similar to the Plaintiff's breach of express warranty claim, the Plaintiff does not

identify any specific misrepresentations made by the Defendants, when and where they were made, or who made them. *See, e.g., Bruno*, 2016 WL 4507004, at *3 (dismissing the plaintiff's negligent and fraudulent misrepresentation claims because, inter alia, "[t]he Amended Complaint lists various alleged misrepresentations without any indication of who made them, where or when they were made or in what manner they were communicated"); *Fisher v. APP Pharm., LLC*, 783 F. Supp. 2d 424, 432 (S.D.N.Y. 2011) (dismissing the plaintiff's negligent misrepresentation claim because "[t]he SAC lack[ed] any allegations regarding which misrepresentations were made to the Plaintiff or his doctors").

The Plaintiff broadly states that the implant was marketed and labeled as safe and effective, and that "[r]eassurances of device safety were made through direct promotional contact by Defendants' sales representatives and distributors, through word-of-mouth from Zimmer's physician/technical consultants, and/or through industry targeted promotional materials." (Compl. ¶ 54). These allegations do not rise to the level of specificity required here. The Plaintiff does not identify any specific labels or marketing materials, or any communications that were made to him, or even to his doctors.

Additionally, the Plaintiff's allegations illustrate that any alleged misrepresentations were made to the Plaintiff's doctors, and not to the Plaintiff himself. (See Compl. ¶ 40 ("Zimmer marketed its hip implants, including the Zimmer M/L Taper with Kinectiv® Technology Hip Implant System, to orthopedic surgeons and hospitals rather than end-user patients.")).

Therefore, the Plaintiff's negligent misrepresentation claim also fails to allege sufficient facts for the Court to plausibly find that it can grant relief.

Accordingly, the Defendants' motion to dismiss the Plaintiff's negligent misrepresentation claim pursuant to Rule 12(b)(6) is granted.

### 3. As to the Plaintiff's Negligence Claim

The Defendants contend that the Plaintiff's negligence claim cannot be sustained because it is duplicative of his products liability claims. The Plaintiff argues that this is a misstatement of the law, and that plaintiff are permitted under New York law to bring products liability and negligence claims together. The Court finds that the Plaintiff's claims are not duplicative.

"In New York, a plaintiff injured by an allegedly defective product may seek recovery against the manufacturer on the basis of any one or more of four theories of liability," including express or implied contract, negligence, or strict products liability. *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106, 450 N.E.2d 204 (N.Y. 1983) (internal citations and quotation marks omitted) ; *see also Monell v. Scooter Store, Ltd.*, 895 F. Supp. 2d 398, 410 (N.D.N.Y. 2012) (same).

While the Defendants rely upon *Monell* in support of their contention that the Plaintiff's negligence claim is duplicative of his products liability claims, the court in *Monell* allowed the Plaintiff's products liability and negligence claims to go to the jury *based* on the court's statement that "where liability is predicated on a failure to warn, New York views negligence and strict liability claims as equivalent." 895 F. Supp. 2d at 416 (internal citations and quotation marks omitted).

Similarly, the Second Circuit stated in *Jarvis v. Ford Motor Co.*, 283 F.3d 33 (2d Cir. 2002), a case also relied upon by the Defendants, that "neither this Court nor the New York Court of Appeals has squarely endorsed" the rule that "negligence and strict products liability claims for design defects are functionally the same and virtually indistinguishable." *Id.* at 62. Instead, the *Jarvis* court stated that it had "no opinion as to how we might rule if required to decide whether, under New York law, the negligence cause of action in this case was duplicative of the strict liability cause of action . . . ." *Id.* at 63.

The Defendants provided no case law to support their contention that the Plaintiff's negligence claim must be dismissed as redundant. Indeed, as the discussion above illustrates, the cases cited by the Defendants support the Plaintiff's argument that the negligence claim should not be dismissed.

The Defendants advance no further theories in support of their motion to dismiss the Plaintiff's negligence claim. Accordingly, the Defendants' motion to dismiss the Plaintiff's negligence claim pursuant to Rule 12(b)(6) is denied.

### III. CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss is granted in part, and denied in part. It is granted to the extent that the Plaintiff's claims for breach of express and implied warranty of fitness for a particular purpose and negligent misrepresentation are dismissed. It is denied to the extent that the Plaintiff's negligence claim survives the motion to dismiss pursuant to Rule 12(b)(6) because it is not, as a matter of law, duplicative of his products liability claims. This case is respectfully referred to Magistrate Judge Anne Y. Shields for discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York

November 27, 2017

_____*/s/ Arthur D. Spatt*_____

ARTHUR D. SPATT

United States District Judge